[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were at issue and were heard over one and one-half days of trial. Residence requirements have been satisfied and neither party has been the recipient of public assistance. The allegations in the complaint were proven and true. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
CUSTODY AND VISITATION
The stipulation of the parties dated October 31, 2000, entitled CT Page 13547 STIPULATION RE: CUSTODY VISITATION, was reviewed by the court, found to be in the best interests of the minor child, and is incorporated herein by reference.
CHILD SUPPORT
The Husband shall pay to the Wife child support in the amount of $166.00 per week in accordance with the child support guidelines pursuant to a contingent wage withholding order. Child care expenses, when and if incurred, are to be paid in accordance with the percentages shown in the guidelines, currently 52% by the Husband and 48% by the Wife.
LIFE INSURANCE
The Husband shall name the minor child beneficiary on $100,000.00 of life insurance insuring his life until he no longer has any obligation for child support. He shall furnish the Wife with satisfactory evidence, at least annually and upon reasonable request, that he is insured as ordered. This order shall be subject to modification.
MEDICAL INSURANCE
The Husband shall continue to maintain the medical and dental insurance he now has in force for the benefit of the minor child. All un-reimbursed medical and dental expenses incurred by the child shall be shared in accordance the percentages specified in the child support guidelines. The provisions of this paragraph shall be subject to modification.
The Husband shall cooperate with the Wife in her application for COBRA medical insurance benefits. He shall be solely responsible for the cost of COBRA, represented to be $188.70 per month for medical and $38.76 per month for dental, for a period not exceeding three years, or sooner if the Wife becomes employed at a position in which medical insurance is offered as an incident of employment. The cost to the Husband shall be considered alimony for tax purposes.
ALIMONY
No alimony is awarded to either party.
REAL ESTATE
The Husband shall quitclaim to the Wife all of his right, title and interest in the marital residence located at 38 Basking Brook Lane, Shelton, subject to the outstanding mortgage which she shall assume and save the Husband harmless from any and all claims regarding same. Within CT Page 13548 one year from date, the Wife shall cause the Husband's name to be removed from any legal liability on said mortgage. In the event she does not remove the Husband's name, the court shall retain jurisdiction in order to determine an appropriate remedy which could include a sale of the premises.
PERSONAL PROPERTY
The furniture and personal possessions in the control of the respective parties shall remain their property without claim by the other. Each party shall retain their own bank accounts. The Wife shall retain the camping trailer and Roaring Brook campsite. The Husband shall retain the Rhode Island time share. The Husband shall retain the 2000 Galant automobile and the Wife the 1999 Galant subject to the outstanding loan which she shall assume and save the Husband harmless from any and all claims regarding same. Within one year from date she shall cause the Husband's name to be removed from said obligation. In the event she does not remove the Husbands name, the vehicle is to be sold or returned to the secured party.
RETIREMENT ASSETS
The Husband shall retain his retirement benefits at United Technologies without any claim from the Wife.
LIABILITIES
Each party shall assume the liabilities shown on their respective financial affidavits.
COUNSEL FEES
No counsel fees are awarded to either party.
TAXES
The Husband shall be entitled to claim the dependency exemption for the minor child. This paragraph is subject to modification.
By April 15 of each year, until there is no longer any obligation for child support, the parties shall exchange their complete IRS returns in order to determine that the support payment is appropriate under the circumstances then existing.
MISCELLANEOUS
CT Page 13549
Each party shall sign any necessary documents to effectuate the orders contained herein.
Plaintiff's counsel shall prepare the judgment file, have it certified by defendant's counsel, and file it with the court within 30 days.
The Court
By CUTSUMPAS, J.